UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cosme D. Rodriguez, | C/A No. 5:18-cv-02294-MGL-KDW |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Warden H. Joyner, | |
| Respondent. | |

Cosme D. Rodriguez ("Petitioner"), proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at FCI Estill, a facility of the Federal Bureau of Prisons, and files this action after paying the filing fee. Receipt No. SCX400013534.

I.   Factual and Procedural Background

Petitioner is serving a life sentence that he received in the Middle District of Florida ("the sentencing court") on April 16, 1993 after being convicted on drug-related charges following a jury trial. *United States v. Rodriguez*, No. 92-183-cr-T-21(B) (M.D. Fla.). His conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals on December 30, 1994. *United States v. Rodriguez*, No. 93-2477 (11th Cir.). Petitioner's initial § 2255 motion was denied by the sentencing court on September 23, 1997. The Eleventh Circuit refused to authorize a successive § 2255 motion on January 26, 2006. *Rodriguez v. United States*, No. 06-10271-J.

In the Amended Petition under review,[2] Petitioner asserts that he should be able to

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.

[2] The Amended Petition includes the new allegations plus the original Petition, which has been made an attachment to the document submitted by Petitioner in response to the court's Order

challenge the validity of his sentence under *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *petition for cert. filed*, No. 18-420 (U.S. Oct. 4, 2018), contending that his sentence is invalid because a jury did not make a finding beyond a reasonable doubt concerning the amount of drugs personally attributable to him. He asserts that the jury instructions that did not require such findings violate current Fourth Circuit law. He cites to *United States v. Promise*, 255 F.3d 150, 156 (4th Cir. 2001) (drug amount must be found by jury; found not retroactive *by Cureton v. United States*, No. 3:04cv156-1-MU, 2005 WL 8146272, at *3 (W.D.N.C. May 19, 2005)); *United States v. Collins*, 415 F.3d 306 (4th Cir. 2005) (drug amount attributable to defendant must be found by jury; has not been found retroactive to case on collateral review), and *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (statute of limitation for actual innocence claim), which were all decided after his direct appeal and initial § 2255 motion were final in 1997. *See* ECF No. 17-2 at 14-29 (memorandum in support of Claim One in original Petition). Petitioner also challenges two of the predicate offenses that were used to enhance his sentence (one 1984 federal drug possession and one State-of-Florida drug possession felony conviction), arguing that neither of these 1984 convictions was final before the drug offense on which he was convicted occurred. He alleges that such finality is required before they could be used as predicate offenses to enhance his sentence under 21 U.S.C. § 841(b)(1)(A). He cites to *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011) (challenge to a North Carolina marijuana possession conviction as a predicate offense under the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(B)(vii), holding that a sentencing judge must follow the state's statutory scheme in determining which predicate offenses qualify as felonies) (held retroactive on collateral review). Petitioner's argument is that *Simmons* shows that the sentencing court erroneously relied on

---

dated September 28, 2018. ECF No. 14.

predicate convictions that were not final at the time the drug offense was committed because the indictment did not set a beginning date for the conspiracy and left that open ended. *See* ECF No. 17-2 at 29-31 (memorandum in support of Claim Two in original Petition); *id.* at 82-87 (M.D. Fla. Indictment).

In his Amended Petition, entered in response to this court's Order dated September 28, 2018, ECF No. 14, Petitioner argues that the sentencing court did not have jurisdiction to impose an enhanced sentence under 21 U.S.C. § 851 and cites to several Eleventh and Fifth Circuit opinions[3] that address, in general, circumstances in which convictions and sentences entered in absence of jurisdiction may be overturned. *United States v. Olson*, 716 F.2d 850, 853 (11th Cir. 1983); *United States v. Cevallos*, 538 F.2d 1122, 1125 n.4 (5th Cir. 1976); *United States v. Noland*, 495 F.2d 529, 533 (5th Cir. 1974)). Those cases were decided before Petitioner's conviction and sentence were entered. Petitioner also cites to two Eleventh Circuit opinions decided after his conviction and sentences were entered and after the 1997 conclusion of his initial § 2255 motion: *McCoy v. United States*, 266 F.3d 1245 (11th Cir. 2001) (failure to allege drug amount in an indictment based on *Apprendi*[4] and not jurisdictional or retroactive); *Harris v. United States*, 149 F.3d 1304 (11th Cir. 1998), *abrogated by United States v. DiFalco*, 837 F.3d 1207, 1218 (11th Cir. 2016) ("Section 851 is essentially a claim-processing rule that has no impact on the district court's subject-matter jurisdiction."). Petitioner asks this court to vacate his

---

[3] The Eleventh Circuit was established on October 1, 1981, when the Fifth Circuit was divided into two separate circuits. By *en banc* agreement of members of the judiciary of the newly established circuit, "decisions of the United States Court of Appeals for the Fifth Circuit (the "former Fifth" or the "old Fifth"), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date [were held to] be binding as precedent in the Eleventh Circuit . . . . the district courts, and the bankruptcy courts in the circuit." *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[4] *See Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." (internal quotation marks omitted)).

3

sentence and then release him from custody "upon resentencing."

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, however, the Petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.    Discussion

When considering a § 2241 petition submitted to this court by a prisoner who was convicted in a different circuit, the court is required to apply the procedural law of the Fourth Circuit Court of Appeals, where this court sits, and the substantive law of the circuit in which the

prisoner was convicted and sentenced. *See Eames v. Jones*, 793 F. Supp. 2d 747, 750 (E.D.N.C. 2011) (finding the substantive law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit); *Van Hoorelbeke v. United States*, No. 0:08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan. 8, 2010) (citing *Chaney v. O'Brien*, No. 7:07CV00121, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that in applying the second prong of the *Jones* test "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted")).

In this Circuit it is settled that "[a]s a threshold matter . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit Court of Appeals has held that challenges to the underlying validity of a federal criminal conviction or sentence are not properly considered under § 2241 unless the petitioner can come within the § 2255 savings clause by showing that this is an exceptional case where § 2255 is neither an adequate nor effective remedy for those issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1977); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 09, 2013). In other words, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). With regard to the application of the § 2255 savings clause to § 2241 petitions, it is settled in this circuit that the possibility that a second § 2255 motion filed by a

petitioner in the sentencing court might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). Whether the savings clause applies is a jurisdictional inquiry which must be decided before addressing the merits of a claim.

Recently, the Fourth Circuit established a test for when a petitioner may meet the savings clause under § 2255 when he contests his sentence. *Wheeler*, 886 F.3d at 429. The *Wheeler* court decided that section 2255 is

> inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. Considering Petitioner's claims under Fourth Circuit's *Wheeler* test leads to the conclusion that this court is without jurisdiction to consider his § 2241 Petition.

Here, Petitioner's claims are insufficient to meet any *Wheeler* prongs because none of the cases on which he relies changed the settled law applicable to the propriety of his sentence. First, because this court must apply the substantive law of the sentencing court in this case, Petitioner cannot rely on the Fourth Circuit's *Promise*, *Collins*, or *Simmons* cases. Second, Petitioner cannot rely on the United States Supreme Court's opinion in *McQuiggin* because that case has not been held retroactively applicable to cases on collateral review. *See Teal v. Quintana*, No.5:14-230-JMH, 2014 WL 4435968, at *3 (E.D. Ky. Sept. 9, 2014). Third, Petitioner cannot rely on the *Olson*, *Cevallos*, or *Noland* cases from the Eleventh and Fifth Circuits because each of those cases was decided before the conclusion of Petitioner's initial § 2255 motion. Finally, neither the *McCoy* nor *Harris* cases from the Eleventh Circuit—though decided after the

6

conclusion of the initial § 2255 motion—changed the law applicable to Petitioner's sentence making it no longer a legal sentence. Neither of these opinions involves claims based on alleged failure of a jury to determine drug amounts attributable to a defendant nor on lack of finality of the predicate offenses used to support the enhanced sentence. *Harris*, which was abrogated in 2016, involved a challenge to the sentencing court's jurisdiction because of the prosecution's lack of compliance with the statutory notice requirement. In 2016, the Eleventh Circuit recognized that *Harris*'s holding had been abrogated by subsequent United States Supreme Court cases. *DiFalco*, 837 F.3d at 1218 ("Section 851 is essentially a claim-processing rule that has no impact on the district court's subject-matter jurisdiction."). *McCoy* involved a challenge to a drug-related conviction based on inadequacy of the indictment and held that McCoy's was an *Apprendi*-type claim and was not jurisdictional. 266 F.3d at 1249-50. Thus, regardless of any ability to satisfy the other *Wheeler* prongs, Petitioner's inability to satisfy prong two—that the "substantive law [of his sentencing circuit] changed and was deemed to apply retroactively on collateral review"—precludes him from proceeding with a sentencing claim under § 2241 under Fourth Circuit precedent. *Wheeler*, 886 F.3d at 429.

Petitioner's attempted challenge to his sentence is not saved by his use of the term "actually and factually innocent" to describe his current claim. *See* ECF No. 17-2 at 8 ("Petitioner is factually innocent of conduct necessary for conviction on aggravated crime."); *id.* at 15 ("In essence, [Petitioner] stands *actually and factually innocent* of *** the aggravated crime.") (emphasis and omission in original); *id.* at 30 ("Petitioner is factually innocent of the penalty."). Cognizable claims of "actual innocence" are extremely rare and must be based on true "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). As explained in *Bousley*, "actual

7

innocence means factual innocence, not mere legal insufficiency." 523 U.S. at 623. Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where they wish to raise the same issues that were unsuccessfully raised or additional issues that were not raised in direct appeals or in any § 2255 motions that they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

In this case, Petitioner's actual/factual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings that supports his innocence of the criminal charges on which he was convicted: conspiracy to possess with intent to distribute cocaine and possession with intent to distribute 500 grams of cocaine. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. United States*, No. 99-3893, 2000 WL 571952 (6th Cir. May 2, 2000) (bare allegations of actual innocence as to the

charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.[5]

IT IS SO RECOMMENDED.

October 31, 2018  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[5] Even though his claims may not be amended to state appropriate grounds for habeas relief under § 2241, the recommendation is for dismissal *without prejudice* because the issue of whether claims are appropriately raised under the § 2255 savings clause is jurisdictional. *See United States v. Wheeler*, 886 F.3d 415, 423 (4th Cir. 2018). The Fourth Circuit Court of Appeals has held that dismissals for lack of subject matter jurisdiction must be entered without prejudice. *Southern Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).