**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**COSME D RODRIGUEZ,**

        Petitioner,

        v.                            **CIVIL ACTION NO. 5:20-CV-246**
                                                Judge Bailey

**WARDEN H JOYNER,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter was transferred to this Court from the District of South Carolina [Doc. 32], for consideration of the Report and Recommendation ("R&R") of the United States Magistrate Judge Kaymani D. West [Doc. 21]. Magistrate Judge West filed her R&R on October 31, 2018, wherein she recommends that the § 2241 petition be dismissed without prejudice.

**I.  BACKGROUND**

The petition under 28 U.S.C. § 2241 was filed on August 17, 2018, in the District of South Carolina. At the time the petition was filed, the petitioner was confined in FCI Estill in Estill, South Carolina, within the District of South Carolina. At a later date, the petitioner was transferred to FCI Gilmer, triggering the transfer to this Court. Petitioner, acting *pro se*, initiated this habeas corpus proceeding challenging the validity of his sentence. Petitioner is serving a life sentence he received in the Middle District of Florida for drug-related charges.  See [Doc. 21]; **United States v. Rodriguez**, No. 92-183-CR-T-21 (M.D. Fla.). In his memorandum in support of his petition, petitioner argues that at the time of his

1

conviction, the jury did not make a finding as to his individualized drug culpability, and that, under Fourth Circuit precedent including **United States v. Collins**, 415 F.3d 306 (4th Cir. 2005), his life sentence is unlawful.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150 (1985).  Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1);  **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989);  **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972);  **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of the date of service.  On November 20, 2018, the petitioner timely filed his Objections [Doc. 25].  Accordingly, this Court will review those portions of the R&R to which

objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* **United States v. Poole**, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. **In re Jones**, 226 F.3d 328, 332 (4th Cir. 2000). The Fourth Circuit recently found that the savings clause may apply to certain sentencing challenges. It explained:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

**United States v. Wheeler**, 886 F.3d 415, 429 (4th Cir. 2018). Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet either the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter

3

jurisdiction to evaluate the merits of the petitioner's claims.  See **Wheeler**, 886 F.3d at 423–26.

Here, the magistrate judge found that petitioner could not satisfy the savings clause because he could not meet any of the prongs of **Wheeler**.  In particular, the magistrate judge found that, even if petitioner was able to satisfy prongs one, three, and four, his "inability to satisfy prong two–that the 'substantive law [of his sentencing court] changed and was deemed to apply retroactively on collateral review'–precludes him from proceeding with a sentencing claim under § 2241 under Fourth Circuit precedent." [Doc. 21 at 7] (quoting **Wheeler**, 886 F.3d at 429).  The magistrate judge pointed out that, while petitioner cites supporting cases from the Fourth Circuit, the correct substantive law to apply is the law of the circuit in which petitioner was convicted–the Eleventh Circuit.  Accordingly, the magistrate judge concluded that the court must dismiss the petition without prejudice.

In his objections, petitioner first objects that **Wheeler** cannot be the basis for dismissing his petition "because it deals primarily with erroneous mandatory minimums." [Doc. 25 at 1].  Petitioner contends that the failure to meet the **Wheeler** test does not strip the Court of jurisdiction to consider the petition.  In short, this Court finds this objection is in error–the magistrate judge correctly found that **Wheeler** is the applicable test when a petitioner seeks to challenge his sentence under § 2241.  Absent meeting the test set forth in **Wheeler**, the petitioner cannot meet the savings clause of § 2255 and this Court is without jurisdiction.  Accordingly, this objection is overruled.

Next, petitioner appears to object to the magistrate judge's finding that the court is required to apply the substantive law of the circuit in which the prisoner was convicted and

4

sentenced. He asks, "[w]hy would a 4th Circuit district court instruct a prisoner to rely on laws of the circuit that sentenced him if it is clear either no such laws exist or that circuit's interpretation of law is wrong . . . ?" [Doc. 25 at 3]. Since the filing of the R&R, the Fourth Circuit has affirmed the principle that "[i]n evaluating substantive claims under the savings clause, however, we look to the substantive law of the circuit where a defendant was convicted." **Hahn v. Moseley**, 931 F.3d 295, 301 (4th Cir. 2019) (citations omitted). Accordingly, this objection is overruled.

Third, petitioner contends that the petition under § 2241 should be considered, despite not meeting the savings clause, because "[p]etitioner did not fail to apply for relief on 2255, but rather he refused to bring what the court would consider a frivolous claim." [Doc. 25 at 5]. However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." **In re Jones**, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Accordingly, this objection is also overruled.

## IV.  CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 21]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: November 24, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE